■ Yonkers Racing Corporation, Appellant, v Catskill Regional Off-Track Betting Corporation, Respondent.—In an action, *inter alia,* for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), dated May 6, 1988, which denied its application to vacate a temporary restraining order.

Ordered that the order is reversed, without costs or disbursements, and the motion is granted.

The plaintiff, Yonkers Racing Corporation (hereinafter Yonkers Racing), conducts nighttime harness race meetings with on-site pari-mutuel betting at Yonkers Raceway in Westchester County. Yonkers Racing also receives simulcasting,

i.e., telecasts of live audio and visual signals of horse racing from another track (see, Racing, Pari-Mutuel Wagering and Breeding Law § 1001 [a]), pursuant to a State license issued by the State Racing and Wagering Board. Such licenses may not be issued without written consent of the New York City Off-Track Betting Corporation and of the defendant Catskill Regional Off-Track Betting Corporation (hereinafter Catskill Regional) (Racing, Pari-Mutuel Wagering and Breeding Law § 1007 [1], [5]). Catskill Regional conducts off-track pari-mutuel wagering on horse racing on a regional basis by virtue of Racing, Pari-Mutuel Wagering and Breeding Law article V. Pursuant to the consent contained in an agreement dated March 5, 1986, executed by Yonkers Racing and Catskill Regional, Yonkers Racing has been receiving simulcast signals from the New York Racing Association's (hereinafter NYRA) tracks at Belmont, Aqueduct and Saratoga. This and other actions and applications for preliminary injunctive relief stem from Catskill Regional's termination of the March 5, 1986, agreement and, thus, withdrawal of its consent, effective on or about February 3, 1988.

The question to be decided on appeal is whether the Supreme Court properly granted an order temporarily restraining the plaintiff from receiving simulcasts of NYRA races and from conducting off-track pari-mutuel betting thereon and whether, in turn, the court correctly denied the plaintiff's motion to vacate that order. A temporary restraining order must be premised on a demonstration that "immediate and irreparable injury, loss or damage will result unless the [other party] is restrained before the hearing can be had" (CPLR 6301). It is alleged in the affidavit of Donald J. Groth, Catskill Regional's President and Chief Executive Officer, that the simulcasting of NYRA races by Yonkers Racing "has diverted and continues to divert on a daily basis, patrons of Catskill [Regional] the number of which is impossible to determine with exactitude" and thus, "damages of a substantial magnitude will continue to accrue on a daily basis". We find that those allegations do not show the kind of urgency contemplated by the statute (see, Siegel, NY Prac § 330). We therefore reverse the order appealed from and vacate the temporary restraining order. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.